IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

CORNELIUS C. MITCHELL                                                          PETITIONER

v.                              NO. 2:24-cv-00221-LPR-PSH

SHANNON GIBSON,[1] Acting Warden,                                              RESPONDENT
Forrest City Correctional Institution

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

---

[1] Shannon Gibson is currently the acting warden of the Forrest City Correctional Institution and, pursuant to Federal Rule of Civil Procedure 25(d), should be substituted as the new respondent in this case.

## DISPOSITION

In this case, filed pursuant to 28 U.S.C. 2241, petitioner Cornelius C. Mitchell ("Mitchell") maintains that he has earned First Step Act ("FSA") time credits in an amount entitling him to an immediate transfer to pre-release custody, but the Federal Bureau of Prisons ("BOP) is refusing to transfer him. It is recommended that this case be dismissed without prejudice as his claim is now moot.

The record reflects that in May of 2012, Mitchell pleaded guilty to possession with intent to distribute cocaine base and being a felon in possession of a firearm. In August of 2012, he was sentenced to 235 months' imprisonment for the former offense and 120 months' imprisonment for the latter offense, the terms to be served concurrently. He was also sentenced to a total of eight years of supervised release, a term to be served upon his release from custody.

Mitchell entered BOP custody and came to be housed at a BOP facility in Forrest City, Arkansas. The FSA was signed into law in December of 2018, and he began earning FSA time credits. He represents that he has now earned FSA time credits in an amount entitling him to an immediate transfer to pre-release custody, but he remains confined in prison.

In December of 2024, Mitchell began this case by filing the petition at bar. In the petition, he raised what he characterized as three claims; they are as follows:

> GROUND ONE: Violation of statutory right(s) afforded to prisoners under 3632(d)(4)(C) of the First Step Act of 2018.
>
> Supporting facts: 3632(d)(4)(C) states, "… The Director of the BOP **shall** transfer eligible prisoners as determined under section 3624(g) into pre-release custody …" Under a plain reading of this provision of the First Step Act, which includes the word "shall," the BOP is required to transfer me to pre-release custody if I am eligible under 3624(g).
>
> GROUND TWO: Violation of statutory right(s) afforded to prisoner[s] under 3624(g)(1)(A) of the First Step Act. BOP refused to acknowledge and accommodate my "eligible prisoner" status.
>
> Supporting facts: I've been [an] eligible prisoner under 3624(g)(1)(A) since [September] 10, 2024.
>
> GROUND THREE: [The BOP's] policy statement [is] in conflict with [the BOP's] mission statement …
>
> Supporting facts: In the [BOP's] policy charge notice …, it states in the final paragraph "… Pre-release placement in a Residential Reentry Center (RRC) or Home Confinement (HC) will be based on [FSA time credits] …" See Ex. B. However, in Regional's response to my BP-10, in the third paragraph, it states "… no expectation the RRC/HC placement date will be modified once the referral has been submitted to the RRM office." This cannot be correct because RRC/HC placement is based on [FSA time credits] according to the charge notice of BOP policy. See Ex. B.

See Docket Entry 1 at CM/ECF 6-7 [bold in original]. Mitchell asked that the BOP be ordered to "immediately transfer [him] to pre-release custody." See Docket Entry 1 at CM/ECF 8.

In January of 2025, President Joseph R. Biden, Jr., commuted Mitchell's "total sentence of imprisonment" and directed that the sentence "expire on April 17, 2025." See https://www.justice.gov/pardon/media/1385601/dl?inline. See also Docket Entry 7, Exhibit 3 at CM/ECF 2. The commutation granted Mitchell provided, though, that his eight-year term of supervised release would remain "intact and in effect." See https://www.justice.gov/pardon/media/1385601/dl?inline.[2]

In February of 2025, Respondent filed a response to Mitchell's petition and asked that the petition be dismissed. Respondent so maintained for two reasons. First, Mitchell failed to exhaust his administrative remedies. Second, the federal courts lack jurisdiction over a request for transfer to pre-release custody. As a part of the response, Respondent submitted an affidavit from a BOP official who represented that Mitchell's "current release date" is indeed April 17, 2025. See Docket Entry 7, Exhibit 3 at CM/ECF 1.

---

[2] This link can be found in Docket Entry 7, Exhibit 3 at CM/ECF 2.

The undersigned gave Mitchell an opportunity to file a reply to Respondent's response. Mitchell filed nothing in reply, and his time for doing so passed.

The Court began reviewing the parties' pleadings and exhibits and was immediately struck by one important fact, that being, Respondent acknowledged, and the record established, that Mitchell was scheduled to be released from custody on April 17, 2025. Upon Mitchell's release from custody, he would begin serving a total term of eight years of supervised release, and any question about whether he had earned FSA time credits in an amount entitling him to an immediate transfer to pre-release custody would likely be moot. Before offering a definitive answer to the mootness question, though, the undersigned wanted to hear from the parties on that question. They were therefore directed to file briefs on whether Mitchell's claims, and this case, would be moot upon his April 17, 2025, release from custody. The parties were given up to, and including, April 17, 2025, to file their briefs.

Mitchell did not take advantage of the opportunity to address the mootness question, but Respondent did. In a supplemental response, Respondent represented, in part, the following:

... Mitchell's claim and this case are moot. Mitchell was transferred to prerelease custody at the Chicago Community Corrections Manager ..., also known as a halfway house, on March 18, 2025. See https://www.bop.gov/inmateloc/ (retrieved April 17, 2025). Accordingly, Mitchell received the relief requested in his petition—placement in prerelease custody; thus, his petition is moot. See Miller v. Whitehead, 527 F.3d 752, 756 (8th Cir. 2008) (finding inmates' 2241 petitions were rendered moot when BOP placed the inmates in halfway houses).

Mitchell's release date via FSA release is today, April 17, 2025. (Exhibit 1, Public Information Inmate Data, page 2). As noted above, Mitchell's sentence was commuted by President Biden on January 17, 2025, with his sentence set to expire today—April 17, 2025. See https://www.justice.gov/pardon/media/1385601/dl?inline; https://www.bop.gov/inmateloc/ (retrieved April 17, 2025).

Mitchell submitted a release plan while at the RRC to reside with his mother in Champaign, Illinois. (Exhibit 2, Order for Modification in Case No. 2:10cr20094). However, Mitchell's mother is currently in a nursing home and is no longer able to house Mitchell. Id. It was determined that if Mitchell were released as planned on April 17, 2025, he would be released and homeless and that Mitchell needed additional time at the RRC to establish a personal residence. Id. Mitchell requested an extended stay at the RRC until he can establish an approved residence. Id. All parties agreed that Mitchell would benefit from having a stable environment while he works on securing an approved residence. Id. Mitchell agreed to the modification of his supervised release and signed a waiver, and on April 1, 2025, the sentencing court ordered modification of the supervised release conditions. Id.

Mitchell's claim and his petition are moot because he received release into prerelease custody as requested in the petition. ...

See Docket Entry 10 at CM/ECF 2-3. Respondent joined the response with documents establishing that Mitchell is currently in a Residential Reentry Center and has consented to the modification of his conditions of supervised release. See Docket Entry 10, Exhibit 2.

"The judicial power of the federal courts is restricted by Article III of the Constitution to cases and controversies." See Arkansas AFL-CIO v. Federal Communications Commission, 11 F.3d 1430, 1435 (8th Cir. 1993). A case or controversy requires a "definite and concrete controversy involving adverse legal interests at every stage in the litigation," one for which the federal courts can grant "specific and conclusive relief." See Id. (internal citation and quotation marks omitted).

> Occasionally, due to the passage of time or a change in circumstance, the issues presented in a case will no longer be "live" or the parties will no longer have a legally cognizable interest in the outcome of the litigation. When such changes prevent a federal court from granting effective relief, the case becomes moot. (Citations omitted). Mootness therefore acts as a jurisdictional bar and must be considered before reaching the merits of the case.

See Id.[3]

---

[3] Because mootness relates to the justiciability of a case, and therefore the federal courts' power to hear the case, they "must consider it even though the parties have not raised it." See Olin Water Services v. Midland Research Laboratories, Inc., 774 F.2d 303, 306 n.3 (8th Cir. 1985).

7

Here, a change in circumstance has made the issue at bar no longer "live," and the parties no longer have a legally cognizable interest in the outcome of this case. President Biden commuted Mitchell's total sentence of imprisonment and directed that the sentence expire on April 17, 2025. The sentence did, in fact, expire on that day, and Mitchell was transferred to pre-release custody, which was the relief he sought in his petition. As he has now obtained the relief he sought, the federal courts cannot award him any additional relief, and this case is now moot.

Accordingly, the undersigned recommends that this case be dismissed without prejudice as Mitchell's claim is now moot. The Clerk of the Court should be directed to close this case.[4]

DATED this 22nd day of April, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] Mootness appears to require that the case be dismissed without prejudice. See Jamal v. Chertoff, No. CIV-06-4932 DSD-SRN, 2007 WL 2509765, at 2 (D. Minn. Aug. 30, 2007).